# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHON MCCRARY, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 12-09252-JEM <br><br> MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR THE IMMEDIATE PAYMENT OF BENEFITS (Docket No. 14) |

## PROCEEDINGS

On November 1, 2012, Lashon McCrary ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on February 19, 2013.

On April 8, 2013, Defendant filed a Motion to Remand Case to Social Security Administration. Plaintiff filed an Opposition to the Motion on April 29, 2013. On May 3, 2013, Defendant filed a Reply.

The parties agree that a remand is appropriate and so apparently does the Appeals Council. The parties, however, disagree on the terms of the remand. The Commissioner seeks

remand for further proceedings. Plaintiff seeks an order reversing the Commissioner's decision and ordering the immediate payment of benefits. The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the ALJ decision should be reversed and remanded for payment of immediate benefits.

## BACKGROUND

Plaintiff is a 42 year old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income on February 23, 2010. (AR 20.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 20, 2010, the alleged onset date of her disability. (AR 22.)

Plaintiff's claim was denied initially on July 30, 2010. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Marilyn Mann Faulkner on June 27, 2011, in Downey, California. (AR 20.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 20.) Vocational expert ("VE") Freeman Leeth, Jr., also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on September 22, 2011. (AR 20-26.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 20, 2010, the alleged onset date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the the following severe impairments: degenerative disc disease of the cervical spine; right carpal tunnel syndrome; fibromyalgia; pinched nerve of the left upper extremity; and status post right hip fracture. (AR 22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including but not limited to a Section 1.00 musculoskeletal impairment or a Section 11.00 neurological impairment (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 419.925 and 416.926). (AR 22.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work with the following limitations: Claimant can only occasionally use her left non-dominant upper extremity for pushing/pulling, grasping and gripping, and for use at or above shoulder level. (AR 22-24.) In determining this RFC, the ALJ made an adverse credibility decision. (AR 23.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a mail clerk and certified nurse assistant. (AR 24.) However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including sorter, stuffer and polisher. (AR 25.)

Consequently, the ALJ found Claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 26.)

**DISCUSSION**

The Commissioner has moved to remand the case for further proceedings and, if the motion is granted, has consented to the entry of judgment under sentence four of 42 U.S.C. § 405(g). Plaintiff also believes the case should be remanded, but with an immediate award of benefits. The Court agrees with Plaintiff.

**A.     Relevant Federal Law**

The choice of whether to reverse and remand for further administrative proceedings or to reverse and remand for an immediate award of benefits is within the discretion of the Court. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Where the record has been developed fully and further administrative proceedings would serve no useful purpose, the case should be remanded for an immediate award of benefits. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). More specifically, the Court should

5

credit the evidence rejected by the ALJ and remand for award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's evidence; (2) there are no outstanding issues to be resolved; and (3) it is clear that the ALJ would be required to find the Claimant disabled if Plaintiff's evidence were credited. Id.

**B.    Analysis**

The ALJ assessed Plaintiff with a sedentary RFC except that "she can only occasionally use her left non-dominant upper extremity for pushing/pulling, grasping and gripping, and for use at or above shoulder level." (AR 22.) Plaintiff maintains that, based on the VE's testimony, the ALJ's RFC precludes all work.

At the hearing, the ALJ asked the VE two hypothetical questions that bear on Plaintiff's ability to perform her past relevant work or alternative work in the national economy. The first hypothetical is as follows:

> Q. . . . If I restricted her to sedentary work, and again she could only occasionally push and pull with the left-lower extremity, and <u>only occasionally reach with the left-upper extremity at or above shoulder level</u>, could she do her past relevant work?
>
> A.    No, Your Honor.
>
> Q.    What other work could she do with those restrictions?

(AR 55 (emphasis added).) The VE answered the Plaintiff could perform sedentary jobs in the national economy such as sorter, stuffer and polisher. (AR 55-56.)

Missing from the ALJ's first hypothetical was any restriction to occasional use of her left non-dominant upper extremity for pushing, pulling, grasping and gripping, a limitation that appears in the RFC. In the second hypothetical, however, the ALJ added the missing restriction:

> Q. . . . And if I said that, added to that, she could only occasionally use her left, non-dominant <u>arm</u> for any gripping, grasping, pulling, pushing and pulling, could she do those jobs?
>
> A.    No Judge.

6

1        Q.     Any other jobs?

2        A.     No, Your Honor.

(AR 56 (emphasis added).) The VE's testimony establishes that Plaintiff is disabled, according to the ALJ's RFC.

      The ALJ decision, then, is plainly in error. The ALJ states she asked the VE whether jobs exist in the national economy Plaintiff could perform, given her RFC. (AR 25.) The ALJ then says, incorrectly, that the VE stated that Plaintiff could perform sorter, stuffer and polisher jobs. (AR 25.) The VE did so in response to a question that failed to include all the limitations in the ALJ's RFC. (AR 22, 55-56.) The Ninth Circuit requires that an ALJ's hypothetical questions to a VE contain all of a claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The VE's testimony in response to this improper question has no evidentiary value and does not constitute substantial evidence. Id. When the ALJ added missing limitations from the RFC in the second hypothetical, the VE plainly says that there are no jobs Plaintiff could perform. (AR 56.) This testimony has evidentiary value. The Court believes that the ALJ may have been confusing upper and lower extremity restrictions.

      The Commissioner suggests a remand for further proceedings to obtain vocational expert testimony to determine whether there are any positions that the Claimant could perform consistent with the residual functional capacity assessed. The VE, however, already has answered that question unequivocally. There are none. (AR 56.)

      The Commissioner says it is unclear whether the restrictions regarding Plaintiff's use of the left upper extremity, including shoulder level, in the hypothetical questions presented to the VE and the VE's responses were consistent with the restrictions in the ALJ's RFC. The ALJ's first hypothetical did not contain all the limitations in the RFC, rendering the VE's response to it of no evidentiary value. Id. The second incorporated additional limitations contained in the RFC and the VE's testimony was unequivocal that there are no jobs Plaintiff could perform. The Court sees nothing unclear about the ALJ's second hypothetical or the VE's response.

      In her Reply, the Commissioner states that the question to be decided is whether the ALJ permissibly relied on vocational expert testimony regarding what someone with various

limitations can do. The answer to that question is that the ALJ erred twice, first by relying on the VE's answer to a hypothetical that did not contain all the limitations in the RFC and second by <u>not</u> relying on the VE's answer to a hypothetical that contained limitations that render Claimant disabled.

The Commissioner suggests that, because the ALJ's hypothetical question only specified occasional use of her left, non-dominant <u>arm</u>, the RFC does not necessarily limit use at or above shoulder level to occasional, and may not include the limitation at all. The Court, however, believes that the RFC is clear that Plaintiff is limited to occasional left upper extremity use at or above shoulder level. (AR 22.) The more salient question is whether the ALJ's question about occasional use of the left <u>arm</u> is consistent with her RFC which specifies a limitation to occasional use of Claimant's left <u>upper</u> <u>extremity</u>. The Court need not answer this question. Claimant's left upper extremity limitations would include her arm[1] and the VE testified that Claimant could perform no work with only occasional use of her left arm for pushing, pulling, grasping and gripping. Even if the ALJ's question had specified left "upper extremity" instead of left "arm" which is a lesser included limitation, the VE's opinion that there was no work Plaintiff could do would be unaffected.

There are no outstanding issues to be resolved. The ALJ would be required to find the Claimant disabled if the matter were to be remanded. The record is fully developed and further administrative proceedings would serve no useful purpose. Thus, the Court orders that the case be remanded for an immediate award of benefits, consistent with 42 U.S.C. § 405(g),

---

[1] Neither party defined "upper extremity" but according to the <u>Attorneys' Dictionary of Medicine</u>, upper extremity includes "the arm, forearm, wrist and hand."

Case 2:12-cv-09252-JEM   Document 18   Filed 05/23/13   Page 9 of 9   Page ID #:415

which authorizes the Court to affirm, modify or reverse the decision of the Commissioner with or without a remand for rehearing.[2]

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered REVERSING the Commissioner's decision and ORDERING the payment of immediate benefits.

DATED: May 23, 2013                     */s/ John E. McDermott*
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner notes that Plaintiff did not file a cross-motion for remand. Plaintiff, however, made all the necessary arguments and the Commissioner had a full and fair opportunity to meet Plaintiff's arguments, and thus will suffer no prejudice by an immediate award of benefits. The Court deems Plaintiff's Opposition to be a cross-motion for remand.